# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| BASIL SAN DIEGO | CIVIL ACTION NO. 18-cv-1348 |
| VERSUS | JUDGE DRELL |
| LOUISIANA COLLEGE | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Basil San Diego ("Plaintiff") filed this suit in state court after, he alleges, he was exposed to toxic chemical vapors in the organic chemistry lab on the campus of Louisiana College ("Defendant"). Defendant removed this case based on an assertion of diversity jurisdiction, which placed the burden on Defendant to establish that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. It is debatable whether Defendant has satisfied its burdens regarding either diversity or amount in controversy.

Defendant's Notice of Removal (Doc. 1) represents that "Plaintiff has pled that he is a citizen of the State of Washington." However, Plaintiff's Petition for Damages (Doc. 1-1) states that Plaintiff is a resident of the state of Washington. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). The court

needs clarification as to whether Plaintiff is a citizen or merely a resident of the State of Washington.

Defendant's Notice of Removal represents that it is a Louisiana non-profit corporation and a citizen of the state of Louisiana. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Therefore, to meet its burden, Defendant must specifically allege both its state of incorporation and the state in which it has its principal place of business.

With respect to the amount in controversy, Plaintiffs' petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. When state law is such, a defendant's notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that

needs clarification as to whether Plaintiff is a citizen or merely a resident of the State of Washington.

Defendant's Notice of Removal represents that it is a Louisiana non-profit corporation and a citizen of the state of Louisiana. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Therefore, to meet its burden, Defendant must specifically allege both its state of incorporation and the state in which it has its principal place of business.

With respect to the amount in controversy, Plaintiffs' petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. When state law is such, a defendant's notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that

needs clarification as to whether Plaintiff is a citizen or merely a resident of the State of Washington.

Defendant's Notice of Removal represents that it is a Louisiana non-profit corporation and a citizen of the state of Louisiana. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Therefore, to meet its burden, Defendant must specifically allege both its state of incorporation and the state in which it has its principal place of business.

With respect to the amount in controversy, Plaintiffs' petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. When state law is such, a defendant's notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that

needs clarification as to whether Plaintiff is a citizen or merely a resident of the State of Washington.

Defendant's Notice of Removal represents that it is a Louisiana non-profit corporation and a citizen of the state of Louisiana. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Therefore, to meet its burden, Defendant must specifically allege both its state of incorporation and the state in which it has its principal place of business.

With respect to the amount in controversy, Plaintiffs' petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. When state law is such, a defendant's notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that

removal is proper, and any doubts should be resolved against federal jurisdiction. Vantage Drilling Co. v. Hsin-Chi Su, 741 F.3rd 535, 537 (5th Cir. 2014).

Defendant may satisfy its burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Defendant asserted in the notice of removal that it is facially apparent that the amount in controversy exceeds $75,000. Plaintiff's petition lists the following damages:

(a) Past, present, and future physical pain and suffering;
(b) Past, present and future mental pain and suffering;
(c) Past, present, and future medical care expenses;
(d) Disability;
(e) Loss of earnings and earnings capacity; and
(f) Loss of enjoyment of life.

The undersigned has noted that almost every personal injury petition filed in the state includes a rather standard list of categories of damages sought, e.g., pain and suffering, medical expenses, loss of income, etc. That mere list of categories is not enough by itself to satisfy the amount in controversy requirement. Otherwise, the element would be satisfied in virtually every personal injury suit filed in Louisiana. Contario v. Ball, 2017 WL 3015812, *2 (W.D. La. 2017). Defendant should set forth specific facts that better support its burden with respect to the amount in controversy by providing information such as the nature and extent of Plaintiff's injuries, amount of medical bills, any pre-removal settlement demands by Plaintiff, and the like in effort to meet its burden.

Accordingly, Defendant will be allowed until **December 3, 2018 to file** an amended notice of removal and set forth specific facts regarding diversity of citizenship and amount in controversy. If Defendant meets its burden, the court will enter a finding of jurisdiction. If not, the case may have to be remanded.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of October, 2018.

Mark L. Hornsby
U.S. Magistrate Judge