UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BASIL SAN DIEGO          CIVIL ACTION NO. 18-cv-1348

VERSUS          JUDGE DRELL

LOUISIANA COLLEGE          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Basil San Diego ("Plaintiff") filed this suit in state court after, he alleges, he was exposed to toxic chemical vapors in the organic chemistry lab on the campus of Louisiana College ("Defendant"). Defendant removed the case. Counsel for Plaintiff filed a motion to withdraw on the grounds that, pursuant to ABA Model Rule of Professional conduct 1.16, he was no longer able to represent Plaintiff. The court granted the motion and allowed Plaintiff reasonable time to either enroll new counsel or file a written statement that he intended to represent himself. Docs. 31 & 32. Plaintiff failed to take any action by the deadline. For the reasons that follow, it is recommended that Plaintiff's claims be dismissed without prejudice for failure to prosecute.

### Background Facts

The motion to withdraw filed by Plaintiff's counsel indicated that Plaintiff is homeless. The motion provided Plaintiff's email address, a P.O. box address, and the address of a homeless shelter where Plaintiff was staying.

The court issued an order (Doc. 31) that granted the motion and strongly encouraged Plaintiff to promptly retain new counsel and have the new attorney enroll in the case. The order stated that Plaintiff was granted until January 8, 2020 to either (1) have a new attorney enroll to represent him or (2) file a written and signed statement that he intends to represent himself. The order warned: "Failure to take either of those steps by January 8, 2020 may result in Plaintiff's case being dismissed, without further notice, for failure to prosecute." A copy of that order was mailed to Plaintiff at the P.O. box address and at the address of the homeless shelter.

On January 14, 2020, the court issued a second order (Doc. 32) because the docket sheet did not indicate that a copy of the prior order had been emailed to Plaintiff at the email address provided by his former counsel. Out of an abundance of caution, the court directed the clerk of court to mail a copy of the order to the two addresses provided by counsel and to also serve a copy to Plaintiff's email address. The court extended Plaintiff's deadline to enroll new counsel or to file a written statement that he intended to represent himself to January 31, 2020.

The January 31, 2020 deadline passed without action. The notice of electronic filing associated with the order indicates that a copy of the order was delivered to Plaintiff at his email address, and the clerk of court confirmed that a copy was mailed to the two physical addresses provided by counsel. The postal service has not returned the mailed items. There is a presumption that the mailings reached their destinations in the usual time and were actually received by the person to whom they were addressed. Faciane v. Sun Life Assurance Co. of Canada, 931 F.3d 412, 420 (5th Cir. 2019).

**Analysis**

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir. 1982).

The January 31, 2020 deadline has passed, and there has been no action of record by Plaintiff or an attorney acting on his behalf. The court provided ample time for Plaintiff to secure new counsel or indicate his desire to proceed without counsel. Plaintiff did not take even the simple step of stating in writing that he desired to proceed with this case on his own. The court cannot proceed with litigation of the case without the participation of a plaintiff, so proceeding further with this action would be a waste of time and resources for both the court and the defendant.

Dismissal without prejudice for failure to prosecute is certainly warranted under the circumstances. When a dismissal is without prejudice but the applicable statute of limitations probably bars future litigation, the dismissal is assessed as if it were a dismissal with prejudice. Griggs v. S.G.E. Mgmt., LLC, 905 F.3d 835, 844 (5th Cir. 2018). The one-year prescription period may bar Plaintiff from refiling his claim later; his accident allegedly happened on November 13, 2017. Accordingly, the court must consider whether dismissal with prejudice is warranted.

Dismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice. Griggs, 905 F.3d at 844. In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct. Id.

Dismissal is still appropriate because the court has given the Plaintiff every reasonable opportunity to move forward with the case. Plaintiff personally caused delay by failing to respond to a court order. His conduct was presumably intentional, as there is no basis to find it was due to negligence or oversight. The undersigned does not believe that there is a lesser sanction that would gain Plaintiff's participation, better serve the interests of justice, or warrant the court continuing to maintain this case. Dismissal with prejudice is warranted under the circumstances, so dismissal without prejudice is the appropriate action because its effect in this case is equivalent to a dismissal with prejudice.

Accordingly,

It is recommended that all claims by Plaintiff against the defendant in this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of February, 2020.

Mark L. Hornsby
U.S. Magistrate Judge